## AMIANO v. KATZENSTEIN.

(Supreme Court, Appellate Term, First Department.   January 24, 1916.)

JUDGMENT ⬉197—ON MERITS—PROOF.

    Where a complaint alleged that defendant unlawfully and forcibly entered plaintiff's store, and took and carried away from plaintiff's possession property of plaintiff, with a refusal of plaintiff's demand for possession and return of the property, and the conversion of same to defendant's use, with demand for damages, and plaintiff had introduced evidence of a conversion, but failed to prove the forcible entry and detainer, entry of judgment for defendant before he had controverted the evidence as to the conversion, on the ground that the action was for forcible entry and detainer, was error.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 357, 359; Dec. Dig. ⬉197.]

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by Cæsar Amiano against Max Katzenstein. From a judgment for defendant, plaintiff appeals. Reversed.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

William W. Penfield, of New York City, for appellant.
William H. Sohmer, for respondent.

LEHMAN, J.   The complaint herein alleges:

That, while the plaintiff was in the possession of a certain store, the defendant unlawfully and forcibly entered the above-described premises, and took from the possession of the plaintiff, and carried away, certain fixtures belonging to the plaintiff of the reasonable value of $250. "That the plaintiff has duly demanded of the defendant the possession and return of the said chattels, but defendant has refused and still refuses to deliver the same to the plaintiff and has converted the same to his own use. Wherefore the plaintiff demands judgment against the defendant for the sum of $250, together with the costs of the action."

At the trial the plaintiff presented some evidence that the defendant had gained admittance to the premises and had carted away the fixtures contained therein. Most of these fixtures were covered by a chattel mortgage made to the defendant and payable on demand, but some were apparently the absolute property of the plaintiff. On cross-examination the plaintiff testified in a general way that he had paid the amount due on the chattel mortgage. The defendant thereupon produced testimony to show that the chattel mortgage was not paid, and that he took away the fixtures covered by the mortgage by permission of the plaintiff. During the defendant's examination the trial justice announced:

"I hold that the facts in this case from both sides do not make out unlawful entry or detainer. You can offer to prove anything, and I will give you an exception and decide the case in favor of the defendant. You have not offered a scintilla of evidence to show unlawful entry or detainer in this case, and that is what your action is for."

The trial justice thereupon gave judgment for the defendant, on the merits.

If the action were solely one for forcible entry, I should agree with the trial justice that the plaintiff had presented no evidence to sustain his cause of action. In that case he should have dismissed the complaint without prejudice at the close of the plaintiff's case. The complaint, however, sets forth a good cause of action in conversion, and the prayer is only for damages for the value of the articles alleged to have been converted. So far as concerns the articles not covered by the chattel mortgage, the plaintiff's testimony showed a conversion, and was not controverted by the defendant before his further testimony was stopped. So far as concerns the articles covered by the chattel mortgage, his evidence was not conclusive, and the plaintiff had a legal right to produce testimony to rebut the testimony produced by the defendant. In any event the trial justice had no right to order judgment on the merits without giving plaintiff this opportunity.

Judgment should therefore be reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.